892 F.2d 82
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Amir GHOBRIAL, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 88-7342.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 21, 1989.*
Decided Dec. 13, 1989.
 
 Before GOODWIN, Chief Judge, and POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Amir Ghobrial petitions for review of a final order of the Board of Immigration Appeals (BIA) denying his request for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). The petition for review is denied.
 
 
 3
 Ghobrial, a citizen and native of Egypt, contends that the BIA's decision denying his applications for political asylum and withholding of deportation was not supported by substantial evidence. Contrary to Ghobrial's contentions, the BIA's factual determinations are supported by substantial evidence. See Del Valle v. INS, 776 F.2d 1407, 1412 (9th Cir.1985) (citations omitted) (determination of whether an alien has a well founded fear of persecution and is statutorily eligible for asylum is based upon factual findings and is reviewed for substantial evidence).
 
 
 4
 The BIA properly found that Ghobrial failed to establish a "well founded fear of persecution" necessary to meet the statutory eligibility of a grant of asylum.[1] See 8 U.S.C. § 1101(a)(42). Although Ghobrial established the subjective component of fear, he did not show that his fear had enough of a basis to be considered well founded. See Vilorio-Lopez v. INS, 852 F.2d 1137, 1140 (9th Cir.1988). In other words, Ghobrial failed to meet the objective component of the well founded fear standard which " 'requires a showing by credible, direct, and specific evidence in the record of facts that would support a reasonable fear that petitioner faces persecution.' " See Sanchez-Trujillo v. INS, 801 F.2d 1571, 1579 (9th Cir.1986).
 
 
 5
 Ghobrial testified before the BIA that he was a Coptic Christian in a predominantly Moslem country and therefore unwilling to return to Egypt because of his religion. To substantiate his claim of religious persecution, Ghobrial testified that once, when he was 14 years old, neighborhood Moslems threw rocks at him and injured him in the leg while he was playing in front of his house. The only other incident about which Ghobrial testified was that while he was taking courses at Hellam University in Cairo three or four Moslems beat him. He testified that "a few of them they beat us just for no reason probably because I'm a Christian...." The BIA found Ghobrial's testimony regarding these two incidents insufficiently specific to establish a well founded fear of persecution necessary for a finding of statutory eligibility for asylum. Because Ghobrial was vague about both incidents, the BIA correctly found that these incidents failed to prove past persecution, or good reason to fear future persecution. See Vilorio-Lopez, 852 F.2d at 1140 (citation omitted).
 
 
 6
 Ghobrial also presents other evidence of generalized tensions and unrest in Egypt. Specifically, he presents newspaper articles regarding the banning of the Coptic Pope in Egypt and he testifies that Coptic Christians fear attending church, carrying a cross or bible in Egypt, and that Christian churches are sometimes bombed or burned. However, evidence of widespread tensions and generalized violence between Moslems and Christians in Egypt does not establish a well founded fear of persecution. See Sanchez Trujillo v. INS, 801 F.2d 1571, 1579 (9th Cir.1986) (evidence to substantiate a well founded fear of persecution should be specific enough to indicate that the alien's predicament is appreciably different from the dangers faced by the alien's fellow citizens' ").
 
 
 7
 Additionally, Ghobrial's claims that Christians have difficulties obtaining employment and advancement in Egypt does not establish a well founded fear of persecution. The relief of asylum depends on more than generalized economic disadvantage. Raas v. INS, 692 F.2d 596 (9th Cir.1982). Moreover, despite Ghobrial's contentions regarding the difficulty Coptic Christians have in obtaining employment, the record reflects that he was able to find employment while in Egypt, and that both his brothers and his father still live and work in Egypt. The record also reflects that no harm has come to Ghobrial's family members who live in Egypt.
 
 
 8
 Therefore, there was substantial evidence to support the BIA's finding that Ghobrial failed to establish a well founded fear of persecution. See Rodriguez-Rivera, 848 F.2d at 1007.
 
 
 9
 PETITION DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36.3
 
 
 [1]
 Because we hold that Ghobrial-Youssel failed to prove statutory eligibility for asylum we do not reach the issue of the BIA's alleged abuse of discretion in deciding to deny asylum. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1001 9th Cir.1988). Similarly, we need not separately discuss whether petitioner met the more stringent "clear probability of persecution" standard necessary to establish eligibility for mandatory withholding of deportation. See Diaz-Escobar v. INS, 782 F.2d 1488, 1492 9th Cir.1986) (failure to meet eligibility standard for asylum a fortiori demonstrates that petitioner is unable to establish criteria required for withholding of deportation)